# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELA BOGUE GILMORE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHELLY A. INGRAM, )<br>)<br>Defendant. )<br>) | Case No. 12-1212-MLB-KGG |

**REPORT & RECOMMENDATION ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
REPORT & RECOMMENDATION ON FOR DISMISSAL**

In conjunction with her federal court Complaint alleging breach of contract, Plaintiff Angela Bogue Gilmore has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1). Having reviewed Plaintiff's motion, as well as her Complaint (Doc. 1), the Court is prepared to rule.

**I.    Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 43 years old and married with one dependant child. (Doc. 3-1, at 1-2.) Plaintiff is currently unemployed and was most recently employed (apparently self-employed) as a therapist, making a reasonable wage. (*Id*., at 3.) She has not received unemployment benefits or any other form of income or government assistance in the past twelve months. (*Id*., at 4-5.) Her husband, however, continues to be employed as an outside sales representative, making a significant salary. (*Id*., at 3.)

Plaintiff and her husband own no real property, but they do own a modest automobile outright. (*Id*., at 4.) She enumerates the typical monthly expenses,

including rent, certain utilities, telephone, automobile insurance, and gas. (*Id*., at 5.)  She also lists what the Court finds to be an unreasonably high monthly grocery expense of $1,500.00 for a family of three. (*Id*.)  She indicates that she has filed for bankruptcy. (*Id*., at 6.)  She also indicates a small amount of savings and cash on hand. (*Id*., at 4.)

Considering all of the information contained in the financial affidavit, Plaintiff has not established that her access to the Courts would otherwise be seriously impaired if she is not granted *IFP* status.  To the contrary, Plaintiff's husband's salary is more than enough to meet their monthly expenditures, not to mention the money on hand and in savings.  Plaintiff is clearly not in the type of financial situation for which the *IFP* status was created.  Under these circumstances, the undersigned Magistrate Judge **recommends** that Plaintiff's motion for *IFP* status be **DENIED**.[1]

## II.  Sufficiency of Complaint and R&R for Dismissal.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests.

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal.  ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[2] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The

---

[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974).   Factual

allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff, who is a citizen of Kansas, brings her claims against a Defendant, who is also a citizen of Kansas. (*See* Doc. 1, at 2.) Therefore, there is no basis for diversity jurisdiction. In her form Complaint, however, she marks the line indicating that the case "arises because of violation of the civil or equal rights,

6

privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)." (*Id*., at 3.) What is alleged in Plaintiff's Complaint, however, is merely a standard breach of contract claim. (*See id*.) The claims do not implicate Plaintiff's civil or equal rights. As such, there is no basis for federal court jurisdiction and this Court **RECOMMENDS** that the case be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status be **DENIED**.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for lack of federal court jurisdiction.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the ten-day

period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of July, 2012.

                                               S/ KENNETH G. GALE
                                               KENNETH G. GALE
                                               United States Magistrate Judge